# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 1, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM JOHNSTON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0360** (BOR Appeal No. 2048752)
(Claim No. 2012005152)

**PUTNAM PUBLIC SERVICE DISTRICT,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner William Johnston, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Putnam Public Service District, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 18, 2014, in which the Board affirmed an August 16, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 8, 2012, decision denying a request for MRIs of the brain, cervical spine, and thoracic spine; a pain clinic evaluation for the lumbar spine; and a follow-up appointment with David Weinsweig, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Johnston, a waste water treatment operator, was injured in the course of his employment on August 10, 2011, when he was in a motor vehicle accident. Mr. Johnston was treated that day at Charleston Area Medical Center where he reported pain in his head, neck, and mid-back. He was diagnosed with neck and back strain. He returned to Charleston Area Medical Center on August 12, 2011, with severe pain in his mid-back. At that time, he specifically denied

1

pain in his lumbar spine. He was diagnosed with cervical and dorsal spine strains. The claim was held compensable for cervical and thoracic sprains.

A September 28, 2011, MRI revealed degenerative changes in the lumbar spine and a syrinx in the thoracic spine.[1] Marsha Bailey, M.D., Mr. Johnston's treating physician, stated in her November of 2011 treatment notes that the sprain should have healed by that point as it had been ten weeks since the compensable injury. She recommended he return to work. On December 19, 2011, Rebecca Thaxton, M.D., performed a physician review in which she recommended that the addition of lumbar radiculitis be denied. Dr. Thaxton noted that Mr. Johnston originally reported neck and mid-back pain but specifically denied lower back pain. She noted that the lumbar MRI occurred due to the finding of a thoracic syrinx, which was unrelated to the compensable injury. She also noted that David Caraway, M.D., found degenerative changes on the MRI. She opined that degenerative changes are not causally connected to the claim. Therefore, the addition of the lower back to the claim would be outside of the guidelines found in West Virginia Code of State Rules § 85-20-37.2 (2006). Further, the treatment notes of Drs. Bailey, Caraway, and Weinsweig do not support the addition of lumbar radiculitis to the claim.

The StreetSelect Grievance Board determined on February 3, 2012, that lumbar radiculitis should not be added to the claim. It found that the compensable conditions in the claim are cervical and thoracic sprains. Mr. Johnston had no lumbar complaints for the first month and a half following his compensable injury. Further, Dr. Bailey stated that the lumbar spine condition is unrelated to the compensable injury. On July 13, 2012, the Board determined that lumbar sprain/strain and lumbar disc herniation with myelopathy should also not be added to the claim.

An independent medical evaluation was performed by Michael DeWitt, D.O., on February 17, 2012, in which he also determined that Mr. Johnston's lumbar spine condition is unrelated to his compensable injury. He found that a review of the medical records shows that Mr. Johnston did not report lower back pain in his initial emergency room visit or his follow-up visit two days later. In fact, he specifically denied lower back pain on August 12, 2011. The claims administrator denied requests to add lumbar radiculitis, lumbar sprain, and lumbar disc herniation to the claim. Those decisions were subsequently affirmed by the Office of Judges, Board of Review, and this Court.

In a June 20, 2012, treatment note, Dr. Weinsweig stated that Mr. Johnston suffers from chronic pain with radiculopathy and had an annular tear at L4-5 that was temporally related to the compensable accident. He also had a syrinx in his thoracic spine. Dr. Weinsweig requested authorization for brain, cervical, and thoracic MRIs, stating that they were absolutely necessary due to the pre-existing syrinx. The claims administrator denied the request for MRIs as well as a request for a pain clinic evaluation for the lumbar spine and a follow-up appointment with Dr. Weinsweig on October 8, 2012.

---

[1] A syrinx is a cyst in the spinal cord.

The Office of Judges affirmed the claims administrator's decision in its August 16, 2013, Order. It found that the claim is only compensable for sprain/strain of the cervical and thoracic spine. Dr. Weinsweig stated in his treatment request that MRIs of the brain, cervical, and thoracic spine were necessary due to the presence of a thoracic syrinx, which was pre-existing and not compensable. The Office of Judges therefore found that the treatment is not medically necessary or reasonably required to treat a compensable condition in the claim. The Office of Judges noted that the lumbar spine is also not a compensable component of the claim. It took notice of its December 4, 2012, and January 24, 2013, Orders affirming denials of requests to add lumbar radiculitis, lumbar sprain/strain, and lumbar disc herniation with myelopathy to the claim. The Office of Judges further found that the StreetSelect Grievance Board determined on October 5, 2012, that Dr. Bailey clearly noted in her treatment records that the lumbar spine and syrinx were not related to the compensable injury and that treatment for them should not be covered. Drs. DeWitt and Thaxton concurred. The Board also found that Dr. Weinsweig stated in his treatment notes that the syrinx was unrelated to the compensable injury and recommended the MRIs to check for tumor or vascular malformation. The Board found that while the tests may be necessary, they should not be authorized in this claim because the condition is not a compensable component. The Office of Judges agreed with the Board's recommendation. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 18, 2014.

On appeal, Mr. Johnston argues that he had no back pain and was receiving no treatment for his back prior to the compensable injury. He asserts that it is therefore only logical that his current back pain is the result of the compensable injury. Putnam Public Service District argues that the only compensable conditions in the claim are neck and thoracic strains, which occurred more than three years ago and have reached maximum medical improvement. It further argues that the requested treatment is not necessary to treat the compensable injury.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. This Court previously determined in *Johnston v. Putnam Public Service District,* No. 13-1105 (Dec. 3, 2014) (memorandum decision) and *Johnston v. Putnam Public Service District,* No. 13-1106 (Dec. 3, 2014) (memorandum decision) that the lumbar spine is not a compensable component of the claim. Because the condition is not compensable, the requested medical treatment for it was properly denied. The evidentiary record also clearly shows that the thoracic syrinx pre-existed and is unrelated to the compensable injury. Tests and treatment for it were also properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 1, 2015**

3

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II